UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YEE XIONG<br><br>Petitioner,<br><br>v.<br><br>J. LIZARRAGA,<br><br>Respondent. | No. 2:19-cv-0303 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss the petition (ECF No. 9), which Petitioner opposes (ECF No. 11). For the reasons stated below, the court finds that this is an unauthorized second or successive petition and will therefore recommend that the petition be dismissed.

I. <u>Procedural History</u>

In May 2008, Petitioner Yee Xiong was convicted of murder, with additional sentencing enhancements that were found to be true. ECF No. 1 at 1; Lod. Doc. 1 (ECF No. 10-1). As a result, he was sentenced to life without the possibility of parole, as well as a consecutive term of twenty-five years to life and an additional one-year consecutive term. <u>Id.</u>; Lod. Doc. 2 (ECF No. 10-2) at 6.

////

Petitioner's first application for a federal writ of habeas corpus was filed in this court on March 11, 2011,[1] and denied on the merits on August 20, 2012. Xiong v. Biter (Xiong I), No. 2:11-cv-1314 JKS; Lod. Doc. 13 (ECF No. 10-13) at 4, 17. The Ninth Circuit denied a certificate of appealability on August 9, 2013. Lod. Doc. 14 (ECF No. 10-14).

The instant petition for writ of habeas corpus was filed on February 12, 2019. ECF No. 1.

II. Discussion

A state prisoner may challenge the constitutionality of his sentence in federal court through a writ of habeas corpus. 28 U.S.C. § 2254(a). However, second or successive federal habeas petitions are not permitted except by an order from the "appropriate court of appeals . . . authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). If a petitioner does not receive authorization from the Court of Appeals to file a second or successive habeas corpus application prior to filing in the district court, "the District Court [is] without jurisdiction to entertain it." Burton v. Stewart, 549 U.S. 147, 153 (2007).

A petition is successive within the meaning of 28 U.S.C. § 2244(b) where it "seeks to add a new ground for relief" or "if it attacks the federal court's previous resolution of a claim *on the merits*." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (emphasis in original). "[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." Id. at 530. "Even if a petitioner can demonstrate that he qualifies for one of [the] exceptions [to filing a second or successive petition], he must seek authorization from the court of appeals before filing his new petition with the district court." Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008) (citing 28 U.S.C. § 2244(b)(3)).

Petitioner asserts four claims for relief in his current petition; all challenge the same state court conviction at issue in Xiong I. Because there is no evidence that petitioner has received or even requested an order from the court of appeals authorizing the district court to consider his second or successive petition, this court may not consider the matter. Accordingly, the

---

[1] The filing date of documents submitted when petitioner was proceeding pro se is determined based on the prison mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988) (documents are considered filed at the time prisoner delivers them to prison authorities for mailing).

2

undersigned will recommend dismissal of the petition for lack of jurisdiction.

Respondent also argues that this petition was brought outside the statute of limitations and therefore is untimely. ECF No. 9 at 3-5. Because the petition is clearly an unauthorized second or successive petition, this court does not reach the issue of timeliness.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that Respondent's motion to dismiss (ECF No. 9) be granted and the petition for writ of habeas corpus (ECF No. 1) be dismissed without prejudice for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." L.R. 304(d). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 7, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE